No. 8274.

The State of Louisiana vs. Joe Dozier alias Lobster.

When a venire has been regularly drawn, the failure to summon a juror, resulting from mere mistake or error on the part of the officer, without fraud or collusion, and without material injury to the accused, is no sufficient cause to quash the panel.

APPEAL from the Twenty-fourth Judicial District Court, parish of Plaquemines. *Livaudais, J.*

*J. C. Egan,* Attorney General, for the State, Appellee:

First—A challenge to the array comes too late after the first day of the term. Sec. 12, Act No. 94 of 1873, p. 169; 5 An. 342.

Second—Where it does not appear that some great fraud has been practiced, or some great wrong committed in the drawing or summoning of the jury that would work a great and irreparable injury, there is not sufficient cause to challenge the array or set aside the venire. Sec. 9, Act No. 94 of 1873, p. 168; 26 An. 580.

Third—The application for a change of venue on account of prejudice involves a question of fact which is not reviewable by this Court. 30 An. 364.

*F. C. Zacharie* and *L. O'Donnell* for Defendant and Appellant:

First—It is not necessary that a challenge to the array of a jury should be made on the first day of the term, where the circumstances are such that it is impossible so to do, and such a challenge is in time when made immediately on the facts being developed by a juryman on his *voir dire.* 19 A. 436; 8 R. 514, 618.

Second—The non-summoning of a juryman, where only the *minimum* allowed by law has been drawn, is a good ground for challenge to the array. Proffat on Jury Trials, Secs. 130, 137; 14 Iowa, 221; Hilliard on New Trials, p. 136, Sec. 26, and authorities there cited; 12 M. 683; 2 N. S. 192, 626; 3 N. S. 159.

Third—Where one party has been summoned as a juryman instead of the right person who was drawn, and the substitute appears and answers, it is a radical and base defect in the material of jury panel, and not such an "irregularity," "defect" or "informality" in construction as to be disregarded under the jury statute. 8 R. 514, 618, Proffat, Secs. 130, 137; Hilliard, p. 136, Sec. 26; Graham on New Trials.

Fourth—The accused is entitled to have his twelve jurors selected from the number required by law, excepting those absent sick, removed from the parish, or excused by the judge. 12 M. 683; 2 N. S. 192, 626; 3 N. S. 159.

The opinion of the Court was delivered by

Fenner, J. This case comes up on a bill of exceptions taken by the defence to the decision of the judge *a quo* overruling a challenge to the array made under the following circumstances:

A *venire* of fifty jurors had been regularly drawn, in compliance with the statute, which included the name of Maurice Domingue, who appeared, by the return of the sheriff, to have been duly summoned. A person had attended with the jury and had, at all roll calls, answered to the name of Maurice Domingue; but when this person was put on his *voir dire* as a juror in this cause, it transpired from his answers that

his name was Joseph Domingue; that he was the son of Maurice and lived in the same house; that, though his name was Joseph and he always so called himself, he was called Maurice by many persons in the parish; that the sheriff served the summons upon him; and that he had thought it his duty to attend and answer to the name in which he was summoned, although his father, the true Maurice, was present in the parish at the time of the summons.

The defense presented a challenge to the array as well as to the poll. The latter was sustained and the person did not serve as juror in the cause; but the challenge to the array was overruled for the following reasons assigned by the judge, viz:

1st. Because the challenge to the array came too late, after the first day of the term.

2nd. Because the grounds alleged are such as relate to the poll and not to the array.

3rd. Because the irregularities and error complained of do not relate to the manner of drawing of the jury, but are simply confined to the non-summoning or erroneous summoning of one of the jurors; that no fraud was alleged or proved, the statement of Joseph Domingue that he was sometimes called Maurice Domingue rebutting all presumption of fraud, if any such could be otherwise inferred.

It is not necessary to consider the validity of the first of the above grounds, because, conceding that, under the circumstances of this case, the challenge was timely, the remaining grounds sufficiently sustain the action of the judge.

We have attentively considered the various authorities relied on by the learned counsel for accused, and do not find them to support his position, that where a venire has been regularly drawn, the failure to summon a juror, resulting from mere mistake or error on the part of the officer, without fraud and without "great wrong committed," that "would work irreparable injury," is a sufficient ground for quashing the venire.

The cases quoted from 12 O. S. 683; 2 N. S. 626; ·3 N. S. 159, and 14 Iowa, 221, all refer to the failure to draw the number of jurors required by law. Their supposed applicability to the question now in hand, results from the careless use by the courts of the word " summoning," as the equivalent of " drawing;" and although we have not had· access to Proffat on Jury Trial, we think it probable the quotations from that work are susceptible of the same explanation.

The quotations from Hilliard on New Trials, and 4 Eng. L. and Eq. 246, apply to mistakes in the name or other disqualifications of a member of the jury by whom the cause was actually tried.

The general current of authority and of statutory provisions seems

to be, that mistakes or errors of officers charged with the summoning of jurors will not affect the panel unless there has been fraud or collusion or material injury to defendant. 3 Whart. Cr. L., § 3378; Graham New Trials, p. 35.

Our statute on the subject is very emphatic, "that it shall not be sufficient cause to challenge the venire * * because some of the jurors are not qualified, or because the list may contain the names of some persons not qualified to act, nor because of *any other defect or irregularity* than in the manner of drawing the juries," etc.

In one of the very cases cited for defendant, it was held, at a time when the statute was much less peremptory, that the failure to summon some of the jurors drawn was not necessarily ground of challenge. Cox vs. Wells, 3 N. S. 158.

Counsel is mistaken in the theory that "the constitution and laws of the State gives to every citizen the right to select a jury to try him from the thirty-four of the fifty drawn, left after taking out the grand jury."

On the contrary, it has been held that the defendant is not even entitled to attachments for absent jurors, when there are enough present to complete the panel. State vs. Ballerie, 11 An. 81.

So that, the non-attendance of some of the jurors, even though summoned and not excused, is not good cause for a refusal to go to trial. State vs. Johnston, 11 An. 422; State vs. Kennedy, 11 An. 479.

The law does not guarantee that the prisoner shall be presented with thirty-four jurors from which to select his jury. It provides for the drawing and summoning of that number exclusive of the grand jury, but it fully recognizes that various causes, such as disqualifications, absence, errors or mistakes of officers charged with executing process and the like, may prevent the actual attendance of all of them, and it provides that, in absence of fraud and wrong, such "defects" shall not invalidate the *venire*. If they had such effect, the administration of justice would be embarrassed if not entirely stopped.

Judgment affirmed.